# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH LAUFER,<br><br>    Plaintiff,<br><br>v.<br><br>BUENA MOTEL CORP,<br><br>    Defendant. | No. 1:20-cv-06438-NLH-KMW<br><br>OPINION |

**ATTORNEYS**:

TRISTAN WADE GILLESPIE
600 BLAKENHAM COURY
JOHNS CREEK, GA 30022

   *Attorney for Plaintiff Deborah Laufer*

**HILLMAN, District Judge**

   This matter comes before the Court on a motion by Plaintiff Deborah Laufer for default judgment. Plaintiff's complaint brings a claim against Defendant Buena Motel Corp for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). For the reasons outlined below, the Plaintiff has not met her burden of establishing standing. The Court will therefore deny the Plaintiff's motion for default judgment and grant Plaintiff leave to file an Amended Complaint curing the deficiencies outlined in this Opinion.

## BACKGROUND

Plaintiff is a native of Florida and qualifies as an individual with disabilities under the Americans with Disabilities Act. (ECF No. 1 at ¶ 1). Plaintiff is not able to walk more than a few steps without assistive devices, such as a wheelchair or cane, and has limited use of her hands. Id. When travelling, she requires accessible handicap parking spaces, amenities that are sufficiently within her reach, sinks that do not have unwrapped pipes and that are at the proper height to allow her to put her legs underneath, and doorways with proper clearance. Id. Plaintiff describes herself as a "tester" for ensuring whether places of public accommodation and their websites are ADA-compliant. Id. at ¶ 2.

Defendant owns a place of lodging in Buena, New Jersey, and is therefore required to comply with the ADA standards for places of public accommodation. Id. at ¶ 6. In particular, 28 C.F.R. § 36.302(e)(1) requires that:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

Id. at ¶ 7. 28 C.F.R. §36.302(e)(1)(i)-(v).

Defendant, either by itself or through a third party, implemented, operates, controls, or maintains online reservation listings on websites booking.com, priceline.com, agoda.com, hotels.com, expedia.com, and orbitz.com. (ECF No. 1 at ¶ 9). Plaintiff visited these websites on May 9, 2020 to review and assess the Defendant's accessibility features and to ascertain whether the property met the requirements under the ADA. Id. at ¶ 10. However, Plaintiff was unable to make such an assessment because the websites did not identify or allow for reservations of accessible guest rooms or provide sufficient information regarding accessibility at the hotel. Id. Plaintiff claims that she intends to revisit the websites in the near future to test for compliance and to reserve a guest room at the

3

Defendant's motel, and claims that because she remains continuously aware that the websites are non-compliant, it would be futile to revisit the websites unless she is willing to suffer additional discrimination. Id. at ¶¶ 11-12.

Plaintiff filed suit on March 27, 2020, alleging harm to herself and others similarly situated as a result of the Defendant's continued discrimination. Id. at ¶ 19. Plaintiff seeks injunctive relief requiring the Defendant to alter its listings on the described websites to comply with 28 C.F.R. § 36.302(e) or to delist the properties from those websites until the Defendant cures its ADA violations, and attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205. Id. at ¶¶ 19-20. Defendant Buena Motel, despite being served with the Complaint, has not filed an answer or otherwise defended itself in this matter. (ECF No. 3). On August 22, 2020, the Plaintiff filed a request for entry of default as to Defendants, (ECF. No. 4) which she then followed by filing the present motion for default judgment, which Defendant has not opposed. (ECF No. 7). The time for opposing the motion has since passed, and the motion is therefore ripe for adjudication.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff is alleging a federal cause

4

of action under 42 U.S.C. § 123182(a) of the Americans with Disabilities Act.

## II. Legal Standards for Motion for Default

### A. Default

Before the Court can enter a default judgment, the Clerk must enter a default when "the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Clerk properly entered a default against Defendant on April 6, 2021.

### B. Default Judgment

The court is authorized to enter a default judgment on a plaintiff's motion against a properly served defendant who fails to file a timely responsive pleading. Fed. R. Civ. P. 55(b)(2). Chanel v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. Virgin Is. Bd. Of Tax. Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). The decision to enter a default judgement is left to the discretion of the court; however, the Third Circuit has articulated its "preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir, 1984).

In assessing a motion for default judgment, the court should accept as true all well-pleaded factual allegations –

5

other than those regarding damages - but is not required to accept the Plaintiff's legal conclusions. <u>Dempsey v. Pistol Pete's Beef N Beer, LLC</u>, No. 08-5454, 2009 WL 3584597, at *3 (Oct. 26, 2009). Three factors guide whether a default judgement should be granted: (1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. <u>Chaberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000). However, before determining whether a Plaintiff is entitled to default judgment, the court must first review whether the Complaint demonstrates a valid cause of action. <u>Richardson v. Cascade Skating Rink</u>, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020).

### III. **Analysis**

As explained above, Plaintiff here moves for default judgment on her ADA claim. Title III of the ADA prohibits discrimination against individuals on the basis of disability in places of public accommodation and provides parties who have experienced disability discrimination with a private cause of action for injunctive relief. 42 U.S.C. § 12188 (a)(2). To succeed on a claim under the ADA, the plaintiff must prove (1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public

6

accommodation; (3) by the public accommodation's owner, lessor, or operator.  Dempsey, 2009 WL 3584597, at *3 (citing Bowers v. Nat. Collegiate Athletic Ass'n, 118 F. Supp. 2d 494, 514 (D.N.J. 2000)).

The first step in the Court's analysis of a motion for default judgment is a determination of whether Plaintiff has stated a valid cause of action.  Here, however, Plaintiff's Complaint runs into a fundamental defect before the relevant factors for stating a valid ADA claim can even be addressed.  Article III of the United States Constitution limits the exercise of judicial power to cases and controversies.  Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013).  This Court can only reach the question of whether Plaintiff is entitled to the injunctive relief requested after it is satisfied that the Plaintiff has standing to bring this suit in the first place.  Dempsey, 2009 WL 3584597, at *3.

The Third Circuit has expressed that to establish Article III standing a plaintiff:

> (1) must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely

speculative, that the injury will be redressed by
a favorable decision.

Ballentine v. United States, 486 F.3d 806, 814 (3d Cir. 2007).

Although a plaintiff must prove all three elements in order to establish standing, the injury-in-fact element is often determinative. Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir.2009). A concrete and particularized injury must be more than a violation of a statute or regulation – the plaintiff must have suffered a concrete injury. Laufer v. Aark Hospitality Holding, LLC, No. 20-5648, 2021 WL 486902 at *4 (Feb. 10, 2021). The Third Circuit has stated that to constitute actual or imminent injury, the harm must be distinct and personal to the plaintiff. Brown v. Showboat Atlantic City Propco, LLC, No. 08-5145, 2010 WL 5237855, at *8 (D.N.J. Dec 16, 2010) (citing Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir. 2009)). The focus of the analysis should not be on whether the defendant violated the ADA, but rather on whether the plaintiff suffered an injury. Id. (citing Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 153 (3d. Cir. 1999)). Prior exposure to wrongful conduct is not sufficient for a claim for injunctive relief. Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987).

Plaintiff's allegation that she plans to avail herself of the accommodations of the property satisfies the "concrete and

particularized" prong of the injury-in-fact requirement.  In a recent case also involving an ADA tester, <u>Alberto Hernandez v. Caesars License Company d/b/a Harrah's Resort Atlantic City</u>, the court determined that the plaintiff's alleged harm was not concrete because the website's nondisclosure could only harm a person with disabilities who was actually looking for a place to stay, and the plaintiff did not allege any intent to do so.  No. 19-06090, 2019 WL 4894501 at *3 (D.N.J. Oct. 4, 2019).  Unlike that case, Plaintiff here has alleged her intent to avail herself of the property's accommodations, (ECF No. 1 at ¶ 11), and can thus show harm from Defendant's impeding her ability to make an informed decision.  <u>Laufer</u>, 2021 WL 486902 at *4.

However, that is not the only standing-related hurdle Plaintiff must overcome to pursue her requested injunctive relief.  While Plaintiff has met the burden of alleging a concrete injury — and this Court has no difficulty in finding that she has demonstrated the traceability and redressability elements of Article III standing as well — she has not met the additional threshold of sufficiently establishing the likelihood of future injury required for standing for a claim for injunctive relief.  A defendant's conduct only warrants injunctive relief if it is accompanied by continuing adverse effects.  <u>Id</u>. at *5.  In order to establish standing to seek injunctive relief, a plaintiff has to demonstrate both past

injury due to ADA discrimination and future injury by showing that the injury is likely to reoccur when the plaintiff returns to the place of discrimination.  Indep. Project, Inc. v. Shore Point Plaza, LLC, No. 18-15048, 2020 WL 6363714, at *2 (D.N.J. Oct. 29, 2020).  It is insufficient for the plaintiff to allege vague, "some day" allegations of future harm.  Id. (quoting Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560-61 (1992)).

In Laufer v. Aark Hospitality Holding, another judge of this court addressed a motion for default judgment from the same plaintiff with identical factual allegations against a different defendant.  2021 WL 486902, at *5.  Judge Kugler held there that Plaintiff lacked standing for her ADA claim because her allegation of future injury was conclusory and vague.  Id.  Plaintiff's allegations were identical to those she has put forward in the present case: "[i]n the near future, Plaintiff intends to utilize the websites and/or online reservations system in order to test them for compliance . . . . and/or to utilize the websites to reserve a guest room and otherwise avail herself of the . . . . accommodations of the Property."  (Laufer v. Aark Hospitality, Case No. 20-5648, ECF No. 1 at ¶ 11).  The Laufer court determined that this was a vague "some day" allegation, with no additional factual details alleged to make it plausible, and thus held that it was not sufficient to

establish the actual or imminent injury required for Article III standing. Id.

Specifically, Judge Kugler noted that without facts supporting the allegation that a plaintiff plans to revisit the website, such as having a particular system to routinely do so, the allegation that Plaintiff "intends to utilize" the websites "[i]n the near future" is too vague to establish standing for injunctive relief. Id. (citing Kennedy v. Floridian Hotel, Inc, No. 1:18-CV-20839-UU, 2018 WL 10601977, at *9-*10 (S.D. Fla. Dec. 7, 2018) (dismissing the plaintiff's claim for lack of standing where she had no system to revisit the Defendant's websites in the future as a tester)).

The Court here reaches the same conclusion. As stated above, Plaintiff's Complaint is nearly identical to the complaint she filed in Laufer, with the exact same factual allegations regarding future plans and only the party names and addresses swapped out. (See ECF No. 1 at ¶ 11). As in Laufer, Plaintiff has not put forth any facts to make plausible her claim that she will return to the websites and suffer subsequent future harm. Plaintiff has not claimed that she has any system to return to the websites to check for compliance, and in fact, the Complaint explicitly states that "it would be a futile gesture to return to the websites." (Id at ¶ 15). She has

11

therefore not shown the imminent injury required for standing on a claim for injunctive relief.

Plaintiff's lack of standing is only further underscored by the fact that she has not been to the property and has not sufficiently claimed concrete plans to visit in the future. Courts in this District generally look to four factors to determine a plaintiff's likelihood of returning to a place of public accommodation: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." Indep. Project, Inc., 2020 WL 6363714, at *2 (quoting Dempsey, 2009 WL 35844597, at *4). Since Plaintiff has not previously been to the property these factors do not directly map on to the present case; however, she alleges that she intends to avail herself of the accommodations of the property and therefore the factors can be useful in demonstrating the plausibility of Plaintiff's return to the websites for this purpose and thus the likelihood that she will suffer future harm.

The Court finds that Plaintiff has again not demonstrated that a future injury is likely to occur, and therefore does not have standing to seek injunctive relief under Title III. Under the first factor, there are no allegations in the Complaint that Plaintiff lives near Quality Rodeway Inn & Suites Buena in

12

Buena, NJ. (ECF No. 1 at ¶ 3). Plaintiff lives in Pasco County, Florida, id. at ¶ 1, and courts in this District have noted that, in general, "as the distance between a plaintiff's residence and a public accommodation increases, the potential for occurrence of future harm decreases." Disabled Patriots of Amer., Inc. v. City of Trenton, No. 07-CV-3165, 2008 WL 4416459, at *4 (D.N.J. Sept. 24, 2008). Under the second and fourth factors, Plaintiff has not alleged that she has ever visited the property before and has not claimed to have traveled nearby. (ECF No. 1). The third factor, the definitiveness of the plaintiff's plan to return, is primarily at issue in this case. As in Laufer, "Plaintiff's vague and indeterminant allegation that 'in the near future,' she will visit Defendant's website and otherwise avail herself of the accommodations offered is insufficient to establish an 'actual or imminent injury' because there are no facts to make this allegation plausible." 2021 WL 486902 at *5. The absence of an allegation that Plaintiff has been to the property and of any sufficiently concrete plans to go to the property undermining her conclusory allegation that she intends to return to the websites for the purpose of availing herself of the property's accommodations.[1]

---

[1] The Court notes that the present case and the case that came before Judge Kugler are not the only cases in which Plaintiff filed claims on the same issue with similar language. Plaintiff filed 60 nearly identical cases in the Northern District of New

13

Plaintiff has therefore failed to demonstrate the likelihood of future injury needed to establish Article III standing to assert a claim for injunctive relief. Accordingly, Plaintiff's motion for default judgment will be denied for lack of standing. Importantly, "standing is a jurisdictional matter" which must be sufficiently established "to warrant [Plaintiff's] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [her] behalf." <u>In re Schering Plough Corp. Intron/Temodar Consumer Class Action</u>, 678 F.3d 235, 243-44 (3d Cir. 2012). However, while Plaintiff's Complaint as currently pled fails to establish standing, the Court recognizes that Plaintiff may still be capable of putting forth sufficient factual allegations to demonstrate that she has standing to seek injunctive relief. The Court will therefore grant Plaintiff leave to amend her Complaint to attempt to cure the deficiencies outlined in this Opinion and properly establish standing.

## **CONCLUSION**

For the reasons outlined above, the Plaintiff's motion for Default Judgment (ECF No. 7) will be denied without prejudice. The Court will direct Plaintiff to file an Amended Complaint

---

York, and that court dismissed the majority of these cases for lack of standing. The Northern District of New York permitted Plaintiff to amend her complaints within 30 days and closed the cases if she failed to do so. <u>Laufer v. Laxmi & Sons, LLC</u>, No. 1:19-CV-1501, 2020 WL 6940734 (N.D.N.Y. Nov. 19, 2020).

14

within thirty (30) days, demonstrating Plaintiff's standing to pursue the injunctive relief requested here.  If Plaintiff fails to do so, her Complaint will be dismissed by the Court for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

An appropriate Order will be entered.


Date: July 6, 2021  /s Noel L. Hillman
At Camden, New Jersey  NOEL L. HILLMAN, U.S.D.J.